UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JETSON REED CHESHIER, <br><br> Petitioner, <br><br> vs. <br><br> STATE OF WASHINGTON, YAKIMA COUNTY, JAMES HAGGERTY, JOHN CHAMBERS, STANLEY KOLTARI and A D ALTHAUS, <br><br> Respondents. | NO. 1:14-cv-03130-JLQ <br><br> ORDER Re: REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

BEFORE THE COURT is Magistrate Judge Hutton's Report and Recommendation. ECF No. 5, to dismiss Mr. Cheshier's *pro se* Petition for Writ of Habeas Corpus, ECF No. 1, by a Person in State Custody pursuant to 28 U.S.C. § 2254. The filing fee has been paid in this action. Petitioner filed timely Objections, ECF No. 7, to the Report and Recommendation  The Court has also considered his Praecipe filed on October 3, 2014, ECF No. 8.

## PETITIONER'S OBJECTIONS

Petitioner identifies an "Objection 3" without clearly articulating a first and second objection. Before asserting his third objection, he alleges that federal law has been violated in the damaging, defacing, and removal of a United State Federal Historical Land Mark. ECF No. 7, page 3. He claims that this landmark is a "critical and integral" element of his defense to criminal charges in the Yakima County District Court.   He contends that the removal of the landmark has "obscured" his property line

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION -- 1

and "given way for falsified land surveys," which he claims are being used to deny him a "lawful defense." *Id.* As part of this "lawful defense," Petitioner asserts that he is a vulnerable adult, and the alleged offenses occurred on his private property, when he was defending his personal property against the use of a backhoe by trespassers.

### Objections 3 & 4:

Petitioner appears to object to the Magistrate Judge's Finding that a petitioner must be challenging the very fact or duration of his confinement in order to utilize the federal habeas statute, 28 U.S.C. § 2254. He contends that he is challenging "the fact" that the removal of the landmark denies him an "essential element" of his defense to the current Yakima County District Court Charges. ECF No. 7, pages 4-5.

In his "Objection 4," Petitioner objects to the Finding that the Court lacks subject matter jurisdiction because Petitioner is not "in custody." He contends that "[a]ny form of 'restraint' or 'limitation of liberty' is 'in custody'." ECF No. 7, page 5. He asserts that the "commission of [] Federal felonies is interfering with [his] Rights to 'Defense elements' and denying [him] a fair trial." ECF No. 7, page 5. He also appears to be asking the court to remove his state criminal proceedings to federal court.

Federal courts have jurisdiction to entertain an application for writ of habeas corpus on behalf of a person who is "in custody" pursuant to a judgment of a state court on the ground that the person is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. Petitioner does not present facts showing that he is in custody pursuant to a state court judgment. Rather, he is asking this court to intervene to prevent the possibility of such a judgment.

Federal courts have broadly construed the term "in custody" to include periods of probation, parole and supervised release. *See United States v. Spawr Optical Research*, *Inc.*, 864 F.2d 1467, 1470 (9th Cir.1988), *cert. denied*, 493 U.S. 809 (1989)(probation satisfies section 2254's "in custody" requirement.) Parole may satisfy the custody

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION -- 2

requirement because "parole restrictions significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do." *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993), *cert. denied,* 114 S.Ct. 1051 (1994)(quoting *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963)).  The rationale behind such holdings is "the possibility that probation or parole will be revoked and the individual will be incarcerated for the remainder of the sentence is ever imminent." *Jones v. Cunningham*, 371 U.S. at 242.

A petitioner who is released on his own recognizance pending appeal is also "in custody." *Hensley v. Municipal Court*, 411 U.S. 345, 348-49 (1973)(petitioner was subject to arrest for failure to appear at all times and places as ordered); *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300-02 (1984)(release on recognizance pending retrial); *Lefkowitz v. Mewsome*, 420 U.S. 283, 286 (1975) (release on bail pending appeal).   The Court in *Hensley* observed:

> "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.  Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate."

411 U.S., at 351.

Petitioner does not state that he is on parole, probation, or supervised release from a state court judgment.  He does not allege that he has been released pending an appeal of such judgment. Neither Petitioner's request for a stay of his state criminal proceedings, nor his request for removal of his case to federal court is a matter within this court's jurisdiction.  *See Younger v. Harris*, 401 U.S. 37, 45-46 (1971)(holding that federal courts must abstain from enjoining currently pending state criminal actions); *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975)(stating that removal petitioner must allege violation of federal law explicitly protecting equal racial civil rights).

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION -- 3

Furthermore, issues regarding land disputes are quintessentially matters reserved for state courts.  *See Shoshone Mining Co. v. Rutter*, 177 U.S. 505, 507-08 (1900).

Petitioner is neither challenging the fact or duration of present confinement pursuant to a state court judgment, nor seeking his release.  Therefore, this court has no jurisdiction to consider this habeas matter.  *See Preiser v. Rodriguez*, 411 U.S. 475-487-90 (1973).

*Additional Objections:*

Petitioner also appears to challenge the standard "Objections" language that written objections be served on all parties.  Because Respondents were not served with the Petition and are not parties to this action, there was no requirement that Petitioner serve his Objections on Respondents.  This objection does not bear on whether this Court's has jurisdiction to consider Mr. Cheshier's habeas Petition.

Petitioner claims that his Petition is not frivolous and that unidentified federal agents have viciously assaulted him, attempted to murder him, and removed a federal historical landmark.  If Petitioner wishes to pursue a claim of alleged unconstitutional conduct by federal agents, he may file a separate civil rights complaint in a separate action.  Only a federal grand jury or United States attorney may initiate federal criminal charges.   A Petition For Writ of Habeas Corpus is not the appropriate manner in which to pursue such claims.

Petitioner appears to assert that in October 2012, federal agents who allegedly assaulted and attempted to murder him were "sent by Federal Magistrate Hutton." Petitioner further seeks to have Magistrate Judge Hutton recused from this action because the Judge failed to serve the Petition upon Respondents or to acquire written consent of all parties to have the Magistrate Judge hear all matters.

Court records show no federal proceedings against Mr. Cheshier in 2012, and Petitioner has asserted no facts to substantiate his bald assertions against Magistrate

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION -- 4

Judge Hutton.  Petitioner has presented no affidavit of facts which would make a reasonable person question Magistrate Judge Hutton's impartiality in this habeas matter. The Court finds no basis which would warrant the recusal of Magistrate Judge Hutton from this action under 28 U.S.C. §§ 144 or 455.

After  review of the record and liberally construing the assertions in the light most favorable to Mr. Cheshier, the Court finds that his Objections lack substance and are without merit.  **IT IS ORDERED** the Report and Recommendation, ECF No. 5, is **ADOPTED in its entirety** and the Petition For Writ of Habeas Corpus, ECF No.1,shall be **DISMISSED without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment of dismissal of the Petition For Writ of Habeas Corpus. without prejudice, forward a copy to Petitioner, and close the file. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253©; Fed. R.App. P. 22(b).

**DATED** this 20th day of October 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE